1. DISTRIBUTION OF ESTATES—EQUITABLE INTERESTS.

Code Civ. Proc. § 2743, directing payment and distribution of an estate to creditors, legatees, next of kin, husband and wife of decedent, or their assigns, and providing for the determination by the decree to whom a debt, claim, or distributive share is payable, claimants other than those having legal titles will not be recognized, but those claiming interests adversely to such titles, on grounds of equity, will be remitted to other tribunals.

Proceedings on the judicial settlement of Louis H. Lattan, administrator of Angelica Lattan. Motion to set aside decree of distribution. Denied.

Weeks, Battle & Marshall, for administrator.
Charles S. Simpkins, for receiver.

CHURCH, S. Upon the argument of this motion I gave the interpretation which I had placed on this section of the Code of Civil Procedure (section 2743), upon which I had acted in this and other similar matters. An examination of the briefs of counsel has not changed my determination.

Without going over all the decisions upon this subject, it seems to me that it is impossible to state the rule on this matter better than it has been stated by Redfield in the sixth edition of his work (section 968):

"Without attempting any discussion of the subject, it is enough to say that, in our opinion, the weight of authority established the true interpretation of the foregoing section of the Code to be this: that in directing 'the payment and distribution to the persons so entitled' (i. e., to creditors, legatees, next of kin, husband or wife of the decedent, or their assigns), and in determining to whom a debt, claim, or distributive share 'is payable and the sum to be paid and all other questions concerning the same,' the court will not recognize claimants other than those having legal titles, but will remit parties claiming adversely to such titles, on grounds of equity, to other tribunals, as not itself having any power to nullify and set aside the deeds of the parties for fraud, or on other equitable considerations."

In Matter of Brown, 3 Civ. Proc. R. 39, quoted by counsel for the moving party herein, this rule is expressly recognized, and is directly in conflict with the contention of the moving party. The court says as follows (page 51):

"I am informed that in New York county it has been for years the practice of this court to recognize and give effect to assignments when they have not

been attacked, but that whenever their validity has been the subject of controversy the court has refused to exercise any jurisdiction concerning them."

This is precisely the theory upon which I have acted in this case, namely, that, as at the time of the making of the decree there was no dispute as to the validity of the assignment between either the assignor and assignee or any other person, thereupon I recognized the validity of the same, and directed that distribution should be made to the assignee accordingly, but that, if at such time the parties had attempted to contest before me the same question which they are now attempting to contest, then I should have refused to entertain the same, on the ground that it was an equitable matter, to be determined elsewhere.

I may say in conclusion that I am incapable of appreciating the contention of the moving party here in relation to this matter, as he seeks to assail the decree on the ground that there was no authority to make the same, and then suggests that I should pass upon the validity of the equitable assignment, by reason of his client being receiver, and directing the administrator to pay to his client to the exclusion of any other person. The motion is therefore denied.

Motion denied.